IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TAIEL ABDALLAH, *et al.*,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00958-O-BP |
| | § | |
| **NASHER ENTERPRISE, LLC, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is Plaintiffs' Motion for Extension of Time to Respond to Motion to Dismiss ("Motion for Extension"). ECF No. 11. Because Plaintiffs did not comply with two Court Orders, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** the Motion for Extension and **DISMISS** this action **without prejudice**.

**I.    BACKGROUND**

On August 12, 2021, Plaintiffs Taiel Abdallah and the Fatmeh Abdallah Estate sued Defendants Nasher Enterprise, LLC Texas, Nasher Enterprise, Inc. California, Budnas Properties, Zipco Inc., and Dominic Lam. ECF No. 1. Plaintiffs allege they "are residents and homesteaders in Texas who have been deprived of their rural homestead property and the business associated with their homestead property." *Id.* at 1. Plaintiffs claim Defendants committed fraud and violated the Racketeer Influenced and Corrupt Organizations Act, injuring them in an amount exceeding $6 million. *Id.* at 1, 4.

On September 20, Defendants Zipco Inc. and Dominic Lam filed a Motion to Dismiss with Brief in Support. ECF Nos. 7-8. The Court ordered that Plaintiffs "shall file their response to the Motion to Dismiss on or before October 11." ECF No. 10. Plaintiffs responded by filing the instant

Motion for Extension. ECF No. 11. The Court alerted Plaintiffs that their Motion for Extension did not comply with the Court's Local Rules because it was missing a certificate of conference indicating whether Defendants opposed the motion. ECF No. 12; *see also* Loc. Civ. R. 7.1(b). The Court thus ordered Plaintiffs to "file a supplement to the Motion with the required certificate of conference on or before October 20." ECF No. 12.

By November 12, Plaintiffs had not filed a supplement or anything else, but the Court extended the deadline to supplement until November 19. ECF No. 13. As of today, November 22, Plaintiffs still have not filed a supplement or otherwise complied with the Court's Orders.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 41(b) allows the district court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). This authority flows from the court's inherent authority to manage its docket and prevent unnecessary delay. *Id.* A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal with prejudice is an extreme sanction that should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## III.   ANALYSIS

Twice, Plaintiffs did not comply with Court Orders to file a supplement containing the certificate of conference required by the Local Rules. ECF Nos. 12-13. Each Order warned Plaintiffs that if they did not comply, then the Court may deny their Motion for Extension. *Id.* Accordingly, the Court should deny the Motion for Extension and exercise its inherent authority

under Rule 41(b) to *sua sponte* dismiss this case for failure to comply with Court Orders. Because there is no evidence showing Plaintiffs' non-compliance is due to purposeful delay or contumacious conduct, the undersigned finds the dismissal should be without prejudice. And because the undersigned is recommending this case's dismissal under Rule 41(b), the Motion to Dismiss filed by Defendants Zipco, Inc. and Lam (ECF No. 7) should be denied as moot.

### IV.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiffs' Motion for Extension (ECF No. 11) and **DISMISS** this action **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 22, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE